OPINION *Page 2 
{¶ 1} Plaintiff Russell Wilson appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which sustained the motion of appellee Benjamin Riggle to intervene as a third party defendant.
 {¶ 2} However, before addressing the merits of the appeal, we must first determine whether the court's decision is a final appealable order. Ohio law provides appellate courts have jurisdiction to review only final orders or judgments, see Section 3 (B)(2), Article IV of the Ohio Constitution; R.C. 2505.02. If an order is not final and appealable an appellate court has no option but to dismiss the matter.
 {¶ 3} R.C. 2505.02 states in pertinent part:
 {¶ 4} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without re-trial, when it is one of the following:
 {¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 7} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. *Page 3 
 {¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"
 {¶ 11} While the denial of a motion to intervene may be a final appealable order, the granting of such motion is not a final order, seeOkey v. Worthington City Schools, (August 10, 2000), Franklin App. No. 00AP-132 at 2, citations deleted.
 {¶ 12} We find we lack jurisdiction to review this decision. Accordingly, the appeal is dismissed.
 By Gwin, J., Hoffman, P.J., and Edwards, J., concur *Page 4 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant. *Page 1